| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |
| | Contract |

Richard A. Messina,

    Plaintiff,

                                                      COMPLAINT

vs.

North Central Distributing, Inc. dba
Yosemite Home Decor,

    Defendant.

    Comes now the Plaintiff and for his cause of action against the Defendant, states and alleges as follows:

    1. Plaintiff Richard A. Messina is an individual and at all times herein was and is a resident of the County of Ramsey, State of Minnesota.

    2. Defendant North Central Distributing, Inc. dba Yosemite Home Decor is on information and belief a California corporation and at all times material hereto transacted business in the state of Minnesota and in Ramsey County.

    3. That at all times material Plaintiff and Defendant entered into a contract or contracts and/or agreements which were to be performed in whole or in part in Minnesota.

    4. That on or about August 13, 2012, the parties entered into an agreement wherein Plaintiff, in addition to other matters, was retained by Defendant to among other things duties and responsibilities of the parties and also provided for the compensation to be received by the Plaintiff. That Plaintiff performed according to the terms of that agreement. That said agreement provides for Plaintiff to receive base salary, commissions, expenses and other benefits and compensation.



EXHIBIT A

CASE 0:14-cv-03101-PAM-SER Document 1-1 Filed 08/05/14 Page 2 of 12
31-Jul-2014 01:56 PM 6512270044 5/8
07/31/2014 15:16 bw ptinting (FAX)6512270044 P.005/008

5. That Plaintiff performed all of the duties and responsibilities required of him, pursuant to said agreements.

6. That on January 30, 2013, Defendant wrongfully terminated the business relationship of the parties and has failed to pay Plaintiff the agreed-upon compensation.

7. As a result thereof, Plaintiff has sustained substantial damages and losses Defendant has failed to pay Plaintiff those sums to which he was entitled, pursuant to the agreements of the parties all to his detriment in a sum in excess of $50,000.

## COUNT ONE

### Breach of Contract

8. Plaintiff re-alleges the allegations of paragraphs 1 through 7 herein above.

9. Plaintiff has demanded that Defendant pay to Plaintiff all sums due as a result of the agreements between the parties. Despite Plaintiff's demands, Defendant has failed to pay and continues to refuse to pay the compensation due to Plaintiff.

10. That Defendant has breached its agreement with Plaintiff and as a result thereof, Plaintiff has been damaged in an amount in excess of Fifty Thousand and no/100 ($50,000.00) dollars.

## COUNT TWO

### Breach of the Covenant of Good Faith and Fair Dealing

11. Plaintiff re-alleges paragraphs 1 through 10 herein above.

12. That Defendant had an obligation to deal fairly and in good faith with Plaintiff and failed to do so. That as a result thereof, Defendant has breached the covenant of good faith and fair dealing and its own business policies relating thereto with regard to the agreements between the parties and as a result thereof, the Plaintiff has been damaged financially as set forth herein.

CASE 0:14-cv-03101-PAM-SER Document 1-1 Filed 08/05/14 Page 3 of 12
31-Jul-2014 01:56 PM 6512270044 6/8
07/31/2014 15:17 bw ptinting (FAX)6512270044 P.006/008

13. That as a result Plaintiff has been damaged in an amount in excess of Fifty Thousand and no/100 ($50,000.00) dollars.

## COUNT THREE

### Wrongful Termination

14. Plaintiff re-alleges paragraphs 1 through 13 herein above.

15. That Defendant failed to take reasonable steps to deal with or otherwise correct any alleged wrongdoing by Plaintiff, improperly investigated the same and has wrongfully alleged that Plaintiff has engaged in certain conduct which led to his termination.

16. That as a result thereof, Defendant's conduct constitutes a wrongful termination of the employment relationship, and as a result thereof, that Plaintiff has been damaged in an amount in excess of Fifty Thousand and no/100 ($50,000.00) dollars.

## COUNT FOUR

### Unjust Enrichment

17. Plaintiff re-alleges paragraphs 1 through 16 herein above.

18. That Plaintiff provided, pursuant to the agreements, substantial services, new product development and other services and improvements to Defendant's products, all of which have led to the Defendant gaining substantial profits.

19. That Defendant has failed to compensate Plaintiff for said efforts, pursuant to the terms of their agreement and that, as a result thereof, Defendant has been unjustly enriched.

20. That if Defendant is not required to pay the sums due to the Plaintiff as a result of the agreements of the parties and the increased profits of Defendant, Defendant will be unjustly enriched.

21. That as a result of Defendant's conduct, Plaintiff has been damaged in an amount in excess of Fifty Thousand and no/100 ($50,000.00) dollars.

## COUNT FIVE

### Promissory Estoppel

22. Plaintiff re-alleges paragraphs 1 through 21 herein above.

23. The Plaintiff has relied, to his detriment, on the representations and assurances of the Defendant and its agents and/or employees as to the compensation he would receive and in particular, with regard to the stock options that were promised to him if he were to disband the business he owned and operated prior to entering into the contract with the Defendant.

24. That Plaintiff expended substantial time, effort and expense in complying with the terms of the agreements between the parties and despite that, Defendant has refused to make payment on compensation that is due.

25. That Defendant is promissorily estopped from refusing to honor these promises and assurances which embody the reasonable expectations of the parties.

26. That Defendant is equitably estopped from refusing to honor these promises and assurances which embody the reasonable expectations of the parties.

27. That as a result of Defendant's conduct, Plaintiff has been damaged in an amount in excess of Fifty Thousand and no/100 ($50,000.00) dollars.

## COUNT SIX

### Violation of Statute

28. Plaintiff re-alleges the allegations of paragraphs 1 through 27 herein above.

29. That Defendant's have violated the provisions of Minnesota Statutes §325E.37.

30. That as a result thereof Plaintiff has sustained loss of income and expenses and is entitled to cost, expenses, and reasonable attorney's fees.

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendant for all sums due and owing, together with an accounting, costs and disbursements, and such other and further relief as is just and equitable and allowable by law.

Dated: July 1, 2014

STRINGER & ROHLEDER, Ltd.

By _____
Owen L. Sorenson - #103512
Attorneys for Plaintiff
55 East Fifth Street, Suite 1200
St. Paul, MN 55101
651-227-7784

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. §549.21, Subd. 2, to the party against whom the allegations in this pleading are asserted.

_____
Owen L. Sorenson, #103512

CASE 0:14-cv-03101-PAM-SER Document 1-1 Filed 08/05/14 Page 6 of 12
31-Jul-2014 01:56 PM  6512270044  2/8
07/31/2014  15:16 bw ptinting  (FAX)6512270044  P.002/008

STATE OF MINNESOTA          DISTRICT COURT

COUNTY OF RAMSEY          SECOND JUDICIAL DISTRICT

                                                                                 Contract

Richard A. Messina,

         Plaintiff,

                                                                          SUMMONS

vs.

North Central Distributing, Inc. dba
Yosemite Home Decor,

         Defendant.

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT:

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons a written response called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at STRINGER & ROHLEDER, LTD., 55 East Fifth Street, Suite 1200, St. Paul, Minnesota 55101.

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A Default Judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

EXHIBIT B

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: _July 1_, 2014.

STRINGER & ROHLEDER, Ltd.

By _____
Owen L. Sorenson, #103512
Attorneys for Plaintiff
55 East Fifth Street, Suite 1200
St. Paul, MN 55101
651-227-7784

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |
| | Contract |

Richard A. Messina,

          Plaintiff,

vs.                                 NOTICE AND ACKNOWLEDGMENT
                                                OF SERVICE BY MAIL

North Central Distributing, Inc. dba
Yosemite Home Decor,

          Defendant.

TO CAROL BRIDGES, AGENT FOR SERVICE OF DEFENDANT NORTH CENTRAL DISTRIBUTING, INC. DBA YOSEMITE HOME DÉCOR:

The enclosed Summons and Complaint are served pursuant to Rule 4.05 of the Minnesota Rules of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days.

<u>Signing this Acknowledgment of Receipt is only an admission that you have received the Summons and Complaint, and does not waive any other defenses.</u>

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

<u>If you do not complete and return the form to the sender within 20 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a</u>


EXHIBIT C

<u>Summons and Complaint in any other manner permitted by law.</u>

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the Complaint within 20 days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint was mailed on _July 1, 2014_.

STRINGER & ROHLEDER, Ltd.

By _/s/ Owen L. Sorenson_
Owen L. Sorenson

Dated July 1, 2014.

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |
| | Contract |

Richard A. Messina,

        Plaintiff,

vs.

North Central Distributing, Inc. dba Yosemite Home Decor,

        Defendant.

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the Summons and of the Complaint in the above-captioned matter at 4250 West Shaw Avenue, Fresno, CA 93722.

(our copy)

_Carol B____

_Secretary - Agent for service_
Relationship to Entity/Authority
to Receive Service of Process

7-7-14
Date of signature

mailed orig -



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| RICHARD A. MESSINA,<br><br>Plaintiff,<br><br>vs.<br><br>NORTH CENTRAL DISTRIBUTING,<br>INC. DBA YOSEMITE HOME DECOR,<br><br>Defendants. | Court File No.<br><br>**DECLARATION OF CAROL BRIDGES IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL** |

I, Carol Bridges, do hereby swear, affirm and attest as follows, based upon my personal knowledge of the matters contained herein:

1. I am currently employed by Defendant NORTHERN CENTRAL DISTRIBUTING, INC. DBA YOSEMITE HOME DECOR ("Defendant") as the Human Resources and Accounting Manager. I have worked in this position at all times relevant to this lawsuit. In this capacity, I am familiar with the operations of Defendant.

2. Defendant is a corporation duly organized and existing under the laws of the State of California, and it maintains its principal place of business in Fresno, California.

3. On July 7, 2014, Defendant received Plaintiff's Complaint, Summons, a Notice and Acknowledgement of Service by Mail, and an Acknowledgment of Receipt of Summons and Complaint.

/ / /



EXHIBIT E

4.     On July 7, 2014, I signed the Acknowledgment of Receipt of Summons and Complaint, and I mailed it back to Plaintiff's counsel.

5.     Plaintiff claims he had an employment contract for a term of two (2) years at a rate of $10,000 per month, plus commission on gross sales. Plaintiff claims that he was terminated prior to the expiration of the alleged employment contract. He claims he is owed $185,000 for the remaining portion of his salary under the employment contract. He also claims he is owed between $80,000 and $180,000 for lost commissions.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FORGOING IS TRUE AND CORRECT.**

Executed in Fresno, California on August 1, 2014.

_____
CAROL BRIDGES

Firmwide 128176233.1 081720 1000

2