UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard Messina,　　　　　　　　　　　　　　　　Case No. 14-cv-3101 (PAM/SER)

　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　**MEMORANDUM AND ORDER**

North Central Distributing, Inc. d/b/a
Yosemite Home Decor,

　　　　　　　Defendant.
_____

　　　This matter is before the Court on Yosemite's Motion to Transfer Venue. For the reasons that follow, the Court denies the Motion.

**BACKGROUND**

　　　In this employment case, Richard Messina is suing Northern Central Distributing, Inc., doing business as Yosemite Home Decor, for compensation allegedly owed under a purported employment contract. Messina resides in St. Paul, Minnesota. (Messina Aff. (Docket No. 28) ¶ 2.) Yosemite is a California corporation headquartered in its sole office in Fresno, California. (Bogenshutz Aff. (Docket No. 12) ¶ 3.) It supplies lighting fixtures and related home-decor products to commercial, builder, and residential markets. About Us, Yosemite Home Decor (Jan. 26, 2015), http://www.yosemitehomedecor.com/index.php?route=information/about.

　　　In August 2012, Messina applied for a position with Yosemite. (Messina Aff. ¶ 3; Bogenshutz Aff. ¶ 4.) He subsequently traveled to its Fresno office twice: first for an interview and then to accept the position, both times meeting with Yosemite's Vice

President, Rockie Bogenshutz, and other employees, all of whom reside in Fresno. (Messina Aff. ¶ 3; Bogenshutz Aff. ¶¶ 1, 4-5.)

The parties dispute the details of what happened where before, when, and after Yosemite hired Messina. Before he was hired, Messina alleges that the parties negotiated his employment terms largely by phone and email (Messina Aff. ¶ 3); Yosemite counters that these negotiations occurred entirely in Fresno (Bogenshutz ¶ 5). When he was hired, Messina alleges that he signed a two-year employment contract specifying base salary, commissions, expense reimbursements, and other benefits. (Messina Aff. ¶ 3; Compl. (Docket No. 1, Ex. A) ¶ 4); Yosemite counters that Messina was an at-will employee without a contract and was paid as a California employee receiving California wage statements (Bogenshutz Aff. ¶ 4). After he was hired, Messina alleges that he performed satisfactorily, never worked in California, and instead worked out of his home in Minnesota and traveled across the United States and Canada, including to Dallas, Toronto, Milwaukee, and Atlanta (Messina Aff. ¶¶ 3-5); Yosemite counters that Messina performed unsatisfactorily and reported to Bogenshutz in Fresno (Bogenshutz Aff. ¶ 4). Ultimately, Yosemite fired Messina in January 2013. (Messina Aff. ¶ 3.)

Messina then brought this lawsuit against Yosemite, alleging that Yosemite wrongfully terminated him before the employment contract expired and failed to pay him the compensation due under the contract. (Compl. ¶¶ 4-6.) He asserted claims for breach of contract, breach of the covenant of good faith and fair dealing, wrongful termination, unjust enrichment, promissory estoppel, and violation of Minn. Stat. § 325E.37. (Id. ¶¶ 8-30.) Yosemite answered, denying most of the allegations. (Ans. (Docket No. 3).)

Yosemite now moves to transfer this case from this District to the Eastern District of California under 28 U.S.C. § 1404(a).

**DISCUSSION**

Under 28 U.S.C. § 1404(a), the Court "may transfer any civil action to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses" and "in the interest of justice."[1] When deciding a § 1404(a) transfer motion, the Court therefore weighs the three statutory factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 588, 691 (8th Cir. 1997). Beyond those factors, the Court must also conduct "a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Id.

Federal courts generally afford "considerable deference" to a plaintiff's choice of forum. Id. at 695. Thus, the party seeking transfer bears the "heavy" burden of showing that the balance of factors "strongly" favors a change of forum. United Mortg. Corp. v. Plaza Mortg. Corp., 853 F. Supp. 311, 314-15 (D. Minn. 1994) (Doty, J.). Simply put, the moving party must show that the inconvenience it would suffer litigating in the chosen venue substantially outweighs the inconvenience the nonmoving party would suffer litigating if venue were transferred. Nelson v. Soo Line R.R. Co., 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999) (Doty, J.). Yosemite has not made that showing.

---

[1] The parties do not dispute that venue would be proper in the Eastern District of California and that Messina could have brought this case there.

Yosemite first argues that the convenience of the parties warrants transfer because California offers more convenience for it and presents "virtually no" inconvenience for Messina. Because it is headquartered in California, Yosemite hyperbolically complains, it will incur "extreme" financial and logistical hardship if forced to transport its evidence to Minnesota. And because Messina has already traveled to California to interview for and accept the position, Yosemite continues, he should be able and willing to do so again to litigate this case. But "section 1404(a) provides for a transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient, and a transfer should not be granted if the effect is simply to shift the burden to the party resisting transfer." Graff v. Qwest Commc'ns Corp., 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (Doty, J.). Transfer from Minnesota to California would merely shift whatever inconvenience Yosemite may suffer to Messina. While many of the relevant documents are likely stored in California, the Court is less fearful that Yosemite cannot economically send those documents to Minnesota—especially given the relatively straightforward nature of this case, prevalence of electronic discovery, and its law firm's sizeable office in the heart of this District. Further, Messina lives in Minnesota, so litigating this case in California would impose more burdensome expense on him. The convenience of the parties, at best, is neutral or, in all practicality, slightly opposes transfer.

Yosemite next argues that the convenience of witnesses compels transfer because all of its witnesses reside in California. Witness convenience is an "important factor" because it "determines the relative ease of access to sources of proof." Id. (citation and quotation marks omitted). In assessing witness convenience, the Court considers several

criteria, including "the number of essential non-party witnesses, their location[,] and the preference of courts for live testimony as opposed to depositions." Id. The Court focuses on non-party witnesses since "it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily in a foreign forum." Austin v. Nestle USA, Inc., 677 F. Supp. 2d 1134, 1138 (D. Minn. 2009) (Kyle, J.) (citation and quotation marks omitted). The party seeking transfer must specify the potential witnesses to be called, the content of their expected testimony, the materiality of that testimony, and the witnesses' accessibility to the forum. Graff, 33 F. Supp. 2d at 1122. Yosemite anticipates calling five to seven employees located in California who interviewed Messina, negotiated his employment terms, and made the decision to fire him. (Bogenshutz Aff. ¶ 5.) Yet it does not identify any non-party witnesses located in California or explain why its party witnesses would be inconvenienced by traveling to Minnesota to testify. By contrast, Messina has identified eleven potential non-party witnesses located outside of California—two located in Minnesota—whom he says are independent contractors who worked with him while he was employed at Yosemite. (See Messina Aff. ¶ 6.) If anything, the convenience of witnesses opposes transfer.

Finally, Yosemite argues that the interests of justice demand transfer. Among many interests-of-justice considerations, the Court takes into account "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." Terra, 119 F.3d at 696. Here, the Court finds those

considerations favor neither party, except for one: Messina's choice of forum. The Court defers to the plaintiff's choice of forum unless the plaintiff does not reside in that forum or the underlying events giving rise to the litigation did not occur in the forum. CBS Interactive Inc. v. Nat'l Football League Players Ass'n, Inc., 259 F.R.D. 398, 408 (D. Minn. 2009) (Montgomery, J.). Messina obviously resides in Minnesota. And although it is still unresolved where a majority of the events prompting this case occurred, Messina must have performed at least part of his job at home in Minnesota, for Yosemite has submitted no evidence that he physically lived or worked in California. As Messina's job performance appears to be a disputed issue in this case, some of the underlying events giving rise to this litigation occurred in Minnesota. The Court thus gives deference to Messina's chosen forum of Minnesota. And absent other considerations that heavily favor Yosemite, the interests of justice oppose transfer.

**CONCLUSION**

Yosemite has not shown that the inconvenience it would suffer litigating in Minnesota substantially outweighs the inconvenience Messina would suffer litigating in California. On balance, the factors under § 1404(a) and the circumstances of this case do not strongly favor transferring the case from this District to the Eastern District of California. Accordingly, **IT IS HEREBY ORDERED** that Yosemite's Motion to Transfer Venue (Docket No. 9) is **DENIED**.

Dated: <u>January 27, 2015</u>       *s/ Paul A. Magnuson*
                                     Paul A. Magnuson
                                     United States District Court Judge