UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard A. Messina,                          Case No. 14-cv-3101 (PAM/SER)

           Plaintiff,

v.                                  **MEMORANDUM AND ORDER**

North Central Distributing, Inc. d/b/a
Yosemite Home Decor,

           Defendant.
_____

This matter is before the Court on Yosemite's Motion to Stay Proceedings Pending Appeal. For the reasons that follow, the Court grants the Motion.

**BACKGROUND**

Richard Messina is pursuing an employment dispute with Northern Central Distributing, Inc., doing business as Yosemite Home Decor. The current Motion presents yet another episode in Yosemite's mission to defend this dispute in California—its home state. Yosemite first moved to transfer the case from this District to the Eastern District of California under 28 U.S.C. § 1404(a). The Court denied that request. Yosemite then moved to compel arbitration in California under 9 U.S.C. § 4. The Court again denied that request. Yosemite now has appealed the Court's denial of its motion for arbitration to the Eighth Circuit Court of Appeals under 9 U.S.C. § 16(a)(1)(B)[1] and asks the Court to stay the proceedings in this litigation pending the resolution of that appeal under Fed. R. Civ. P. 62(c).

---

[1] Section 16(a)(1)(B) permits appellate review of an interlocutory order denying a motion to compel arbitration.

# DISCUSSION

Yosemite argues that the Court should stay the proceedings pending the appeal because the Court no longer has the power to continue with the litigation while the Eighth Circuit decides whether this case must be submitted to arbitration. The Court agrees.

The Supreme Court has recognized that a federal district court and a federal court of appeals should not exercise simultaneous jurisdiction over the parts of a case involved in an appeal:

> [A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). The question then is whether an order denying a motion to compel arbitration affects the entire case, such that an appeal from that order divests the district court of jurisdiction over the entire case. As this Court recently acknowledged in Unison Co. v. Juhl Energy Dev., Inc., No. 13-cv-3342, 2014 WL 2565652, at *1-3 (D. Minn. June 6, 2014) (Montgomery, J.), the Eighth Circuit has not answered that question. But other circuits have and are split. Id. at *1-2 (collecting cases).

The minority of circuits, following the Ninth Circuit, have refused to issue stays while an appeal of an order denying arbitration was pending. See, e.g., Britton v. Co-op Banking Grp., 916 F.2d 1405, 1411-12 (9th Cir. 1990). These circuits determined that the issue of arbitrability is distinct or collateral from the merits of the litigation, and thus an appeal of an anti-arbitration decision does not prevent the district court from moving

2

forward "with the case on the merits." Id. at 1412. The minority of circuits also expressed concern that an automatic stay would encourage a defendant to delay litigation by bringing a frivolous motion to compel arbitration and subsequently appeal the denial of that motion. Id.

By contrast, the majority of circuits, led by the Seventh Circuit, have required stays pending the outcome of an appeal from an order denying arbitration. See, e.g., Bradford-Scott Data Corp. v. Physician Computer Network, Inc., 128 F.3d 504, 505-07 (7th Cir. 1997). Those circuits reasoned that the issue of whether the case should be litigated or arbitrated is the "mirror image" of the issue presented on appeal, and that further litigation in the district court "defeats the point of the appeal," "creates a risk of inconsistent handling of the case by two tribunals," and eliminates the cost savings underlying the preference for arbitration. Id. And though the majority of circuits considered the potential for frivolous appeals "a serious concern," they pointed to the appellate court's ability to summarily dismiss the appeal as a safeguard against that abuse. Id. at 506.

The Court finds the majority view—a non-frivolous appeal from an order denying a motion to compel arbitration divests the district court of authority to proceed with the litigation pending the appeal—persuasive here. Yosemite's appeal raises the issue of whether this dispute should be resolved in litigation or arbitration. The Court's continued exercise of jurisdiction over this litigation therefore involves the precise issue on appeal. If the Court did not stay its hand and the Eighth Circuit reached a different decision, the parties will have spent significant time and expense in litigation only to have to repeat

those efforts in arbitration. Avoiding this risk of duplication in judicial and arbitral venues is a principal reason why Congress allowed an immediate appeal from an order denying arbitration. Further, although the Court remains convinced that Yosemite waived its right to arbitration, it cannot say that Yosemite's appeal of the Court's denial of arbitration is frivolous. Respect for the Eighth Circuit's review of the proper forum and conservation of both judicial and party resources warrant a stay of the proceedings in this Court.

**CONCLUSION**

Yosemite's non-frivolous appeal of the Court's order denying the motion to compel arbitration compels the Court to discontinue with this litigation pending the appeal. Accordingly, **IT IS HEREBY ORDERED** that:

1. Yosemite's Motion to Stay Proceedings Pending Appeal (Docket No. 60) is **GRANTED**; and

2. The proceedings in this Court are stayed pending the Eighth Circuit's decision on Yosemite's appeal of the denial of the motion to compel arbitration.

Dated: July 22, 2015

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge